EDGAR LEE HOLT (EMPLOYEE) v. CANNON MILLS COMPANY (EMPLOYER) SELF-INSURER

(Filed 19 November, 1958.)

**Master and Servant § 40g—**

Judgment awarding compensation for hernia without evidence that at the time the employee suffered the injury he was performing the work in any other than the usual manner, reversed on authority of *Hensley v. Cooperative*, 246 N.C. 274.

PARKER, J., not sitting.

APPEAL by defendant from *Olive, J.,* June Term 1958 of CABARRUS.

This proceeding was instituted by the plaintiff employee to recover compensation under the North Carolina Workmen's Compensation Act from his employer, the defendant, a duly qualified self-insurer.

It was admitted that the parties are subject to the provisions of the Workmen's Compensation Act; that the average weekly wage of the employee was $68.02; that the employee sustained a hernia; that an operation for repair of the hernia has been performed; and that he was temporarily totally disabled for a period of eight weeks.

The plaintiff's regular job was "doffing twisters." This required the taking off of yarn filled bobbins from the spinning frames and the placing of empty bobbins in the frames; the full bobbins were then placed in boxes and transported on a manually pushed truck to a room for storing where they were then lifted from the truck and placed on a shelf by the plaintiff. While at work the plaintiff usually made seven trips to the storage room each day, carrying on the truck eight boxes of bobbins at a time, 56 boxes a day.

The hearing Commissioner found, "That on November 16, 1956, at approximately 9:30 a.m., plaintiff was moving full bobbins of yarn from the spinning room to the storeroom; that he reached to the lower level of the truck, approximately two feet from the floor, and got a full box of yarn bobbins, weighing approximately 100 pounds, to place them on a shelf in the storeroom, approximately four feet high; that while he was in a stooped and bent position in the act of moving the box from the truck to the shelf, he experienced a stinging pain in his right groin.

"That in the way and manner set out above, plaintiff sustained an injury by accident arising out of and in the course of his employment resulting in hernia; that the hernia appeared suddenly, was accompanied by pain, immediately followed an accident, and did not exist prior to the accident for which compensation is claimed."

Based on the foregoing facts, the hearing Commissioner concluded as a matter of law that the plaintiff suffered an injury by accident, arising out of and in the course of his employment, and entered an award of $32.50 per week for eight weeks, beginning 7 December 1956, for temporary total disability. The award was approved by the Full Commission and upon appeal was affirmed by the Superior Court.

The defendant appeals, assigning error.

*H. T. Barnes, W. H. Beckerdite for defendant, appellant.*
*No counsel contra.*

PER CURIAM. There is no evidence disclosed on this record to show that the work of the employee at the time he suffered the hernia was being performed in other than the usual and customary manner. Hence, the conclusion that the plaintiff suffered an injury by accident arising out of and in the course of his employment, resulting in a hernia, is not supported by the evidence.

Therefore, the judgment of the court below is reversed on authority of *Hensley v. Cooperative*, 246 N.C. 274, 98 S.E. 2d 289. and similar decisions of this Court.

As pointed out in the cited case, the interpretation so consistently given to the statute, G.S. 97-2 (r), should be followed. However, if an employee ought to recover upon facts like those revealed on the present record, or upon substantially similar facts, then in our opinion it is within the province of the Legislature rather than the courts to authorize recovery under such circumstances.

Reversed.

PARKER, J., not sitting.