JOHN E. TURNER, EMPLOYEE v. BURKE HOSIERY MILL, EMPLOYER; THE TRAVELERS INSURANCE CO., CARRIER.

(Filed 25 November, 1959.)

**1. Master and Servant § 63—**

Decision denying compensation for injury to claimant's back while doing repetitive work of the same type he had been doing theretofore affirmed on the authority of *Hensley v. Cooperative*, 246 N.C. 274.

APPEAL by plaintiff from *Armstrong, J.*, July Civil Term, 1959, of RANDOLPH.

The plaintiff filed claim under the North Carolina Workmen's Compensation Act against the Burke Hosiery Mill and its carrier, The Travelers Insurance Company, alleging an injury to his back on 24 September 1957, while he was working as a knitter on a double diamond hosiery machine in the Burke Hosiery Mill, Asheboro, North Carolina. The matter was heard before a deputy commissioner of the Industrial Commission.

The plaintiff had been employed as a knitter in the Burke Hosiery Mill for more than four years. For a period of at least one month prior to the alleged injury he had been knitting double diamond hosiery. According to the plaintiff's evidence, during the evening of 24 September 1957 he leaned over the bank of the knitting machine to make a change, which required the unlocking of the friction and carrier. " * * * I was making a change on the machine, unlocking the friction and pulling the friction and carrier out together. In doing so I felt that I had done something to my back. I had a stinging sensation and some little pain at the time, but I went on working that night. * * *"

The witness gave a written statement shortly thereafter to the ef-

fect that "when I was moving the friction I felt a pain in my back. At this time I was either in an awkward position or on one foot." At the hearing, in response to the question, "Were you or were you not in an awkward position?" his answer was: "I say it is possible that I could have been."

The plaintiff's further testimony was to the effect that he had to make "a change like we were doing on September 24 from 12 to 15 times a day. I was doing the same type of work that I had been doing for 4 years."

The deputy commissioner found as a fact that the plaintiff on 24 September 1957 sustained an accident arising out of and in the course of his employment and awarded compensation.

Upon appeal to the full Commission, the Commission found as a fact, "That on the occasion complained of plaintiff did not sustain an injury by accident arising out of and in the course of his employment."

On appeal to the Superior Court, his Honor upheld and affirmed the decision of the full Commission, The plaintiff appeals, assigning error.

*Coltrane & Gavin for plaintiff.*
*Sapp & Sapp for defendants.*

PER CURIAM. After a careful examination of the plaintiff's assignments of error we are constrained to hold that this case falls within the purview of our decision in *Hensley v. Cooperative*, 246 N.C. 274, 98 S.E. 2d 289, and on authority of that case the judgment below is
Affirmed.