GLENN MAZE SEARCY, EMPLOYEE v. HARRY J. BRANSON, d/b/a/ HARRY JAMES BRANSON COMPANY, EMPLOYER; AND NATIONWIDE MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 28 September, 1960.)

**1. Master and Servant § 93—**

On appeal from an award of the Industrial Commission, the courts may not review the findings except to determine whether they are supported by competent evidence, since the findings of the Commission which are supported by competent evidence are conclusive, even though there be evidence that would support a contrary finding.

**2. Master and Servant § 63—**

Evidence tending to show that the injury to the employee's back resulted when, in the course of his employment, he bent over to one

side to lift a section of prefabricated chimney weighing some forty pounds, *is held* sufficient to support a finding that the injury resulted from an accident arising out of and in the course of his employment.

APPEAL by defendants from *Nettles, J.,* March "A" Term, 1960, of BUNCOMBE.

Claim for compensation under the Workmen's Compensation Act. The pertinent facts are as follows:

1. The defendant Harry J. Branson does business under the name of Harry James Branson Company, employer, and the Nationwide Mutual Insurance Company is the carrier.

2. The plaintiff was regularly employed as a carpenter by the defendant employer at the time of his injury on 9 September 1958.

3. At the time of his injury, plaintiff was engaged in erecting a prefabricated chimney in a house which he and others were constructing. The prefabricated chimney was made up of sections which were approximately two feet in length and about sixteen inches in diameter; they had to be set one on top of the other, and each section weighed from forty to fifty pounds. The plaintiff had not put up any of these sections. He had cut a hole in the attic so that the sections of the chimney could be put in place. He testified: "I had to lean over to my left side to pick up the first section. As I bent to my left when I picked it up I felt a sharp pain in my back right down low. * * * As I picked it up my body was in a twisted position. I had never had any difficulty with my back prior to this occasion. When I first picked it up a pain occurred. I got it up about two inches off of the floor. I dropped it. I had to stand bent over for a few minutes. It was a very severe pain."

4. The plaintiff was cross-examined about a prior written statement which he had signed and which read: "I did not slip, slide, scoot, fall or get into any unusual position. I bent straight over to pick up this flue. I did not get into any squatting position. I did not twist my back. I used the same motion and movement I have used in the past to pick up objects of equal weight and also heavier."

5. Dr. Walter M. Watts, an admitted medical expert and orthopedic surgeon, testified that he examined the plaintiff and admitted him to the hospital on 13 September 1958; that "I have an opinion satisfactory to myself as to the injury he had at that time. I thought that he had a protruded intervertebral disc, with acute sciatica on the left. I have an opinion satisfactory to myself as to whether the condition I found could or might have been caused by the injury he related. I think the condition I found could have been caused by

the injury that he described. I treated him from September 13, 1958 until October 24, 1958. * * * I referred him to Dr. Van Blaricom who is a neurosurgeon." The plaintiff testified that Dr. Lawrence S. Van Blaricom operated on his back for a ruptured disc on 5 November 1958.

6. The hearing commissioner found as a fact that the plaintiff was injured by accident arising out of and in the course of his employment with the defendant employer, while lifting a heavy section of the flue or chimney tile while in a turned or twisted position; that he was temporarily totally disabled by such injury from 10 September 1958 until 1 March 1959, when he was able to return to light work. Compensation was awarded accordingly.

7. The defendants filed exceptions and appealed to the full Commission. After a hearing by the Commission, it adopted as its own the findings of fact and conclusions of law of the hearing commissioner and affirmed the award. Upon appeal, the Superior Court, after considering the exceptions of the defendants, overruled the exceptions and affirmed the award of the Industrial Commission.

The defendants appeal, assigning error.

*Elmore & Martin for plaintiff.*
*Williams, Williams & Morris; J. N. Golding for defendants.*

DENNY, J. The appellants insist that the evidence of the plaintiff is insufficient to support the finding that his injury arose out of and in the course of his employment.

Under our practice, if there is any competent evidence to support a finding of fact of the Industrial Commission, such finding is conclusive on appeal, even though there is evidence that would have supported a finding to the contrary. *Creighton v. Snipes,* 227 N.C. 90, 40 S.E. 2d 612; *Rewis v. Ins. Co.,* 226 N.C. 325, 38 S.E. 2d 97; *Kearns v. Furniture Co.,* 222 N.C. 438, 23 S.E. 2d 310.

In our opinion, there is competent evidence to support the Commission's crucial findings in this case. The record presents only a factual dispute which we are not permitted to review except to determine whether or not the findings of the Commission are supported by any competent evidence. "The courts are not at liberty to reweigh the evidence and to set aside the findings of the Commission, simply because other inferences could have been drawn and different conclusions might have been reached. *Tennant v. R. R.,* 321 U.S. 35, 88 L. Ed. 525." *Rewis v. Ins. Co., supra.*

In the instant case, as in *Edwards v. Publishing Co.,* 227 N.C. 184,

41 S.E. 2d 592, the medical testimony is to the effect that the lifting of the section of tile in the manner described by the plaintiff was, in the opinion of the medical expert, sufficient to have produced his injury. See also *Faires v. McDevitt & Street Co.*, 251 N.C. 194, 110 S.E. 2d 898 and *Smith v. Creamery Co.*, 217 N.C. 468, 8 S.E. 2d 231. The facts in the cases of *Hensley v. Cooperative*, 246 N.C. 274, 98 S.E. 2d 289; *Holt v. Mills Co.*, 249 N.C. 215, 105 S.E. 2d 614; and *Turner v. Hosiery Mills*, 251 N.C. 325, 111 S.E. 2d 185 are distinguishable from those herein.

The judgment of the court below is

Affirmed.