JOHN ALLEN HARDING, EMPLOYEE, PLAINTIFF V. THOMAS AND HOWARD
　　COMPANY, EMPLOYER; EMPLOYERS MUTUAL CASUALTY COMPANY,
　　CARRIERS.

(Filed 28 February, 1962.)

**1. Master and Servant § 53—**

　　The North Carolina Workmen's Compensation Act does not provide
　compensation for an injury unless the injury is by accident. G.S. 97-2(6).

**2. Same—**

　　An "accident" as used in the Compensation Act is an unlooked for
　and untoward event which is neither expected nor designed by the in-
　jured employee, but a result produced by a fortuitous cause.

**3. Master and Servant § 63—**

　　An injury to the back from a ruptured or slipped disc does not arise
　by accident if the employee at the time is merely carrying on his usual
　and customary duties in the usual way, and evidence that plaintiff suf-
　fered back injury as he picked up a 12 or 13 pound case of coffee in un-
　loading operations just as he had been doing for some six years, is in-
　sufficient to support a finding that the injury arose by accident.

**4. Constitutional Law § 10—**

　　Whether the law as written and interpreted by the courts should be
　changed is a legislative and not a judicial question.

WINBORNE, C.J., not sitting.

APPEAL by defendants from *Paul, J.,* June 1961, BEAUFORT Superior
Court.

This proceeding originated as a compensation claim before the North
Carolina Industrial Commission. The hearing commissioner and the
full commission found the plaintiff had suffered a compensable injury
arising by accident out of and in the course of his employment as a
truck driver for the defendant Thomas and Howard Company. The
superior court, on appeal, sustained the findings and affirmed the award.
The appellants challenge the sufficiency of the evidence to support the
finding the injury arose by accident.

The evidence disclosed the claimant had been employed for more
than six years as a truck driver, delivering groceries to retail stores
in the territory. The deliveries consisted of package or case goods, in-
cluding canned fruits, vegetables, flour, meal, sugar, coffee, and milk.
Claimant also assisted in loading the truck at the employer's ware-
house and in unloading at customers' places of business. "As I unloaded
at Ipock's Red and White Supermarket, I had some of the case goods
to the back of the truck, and I was going back and get another case
and when I reached down and got it about as high as my knees—I

was standing inside the body of the truck facing the corner and then I reached down and picked up the case, as I was in the act of turning around with the case . . . the pain hit me in the back, and I dropped the case down on the floor. Then I stood up against the side of the truck until the pain eased off."

The claimant further testified the case he attempted to pick up contained 12 one-pound packages of coffee. He continued the round, completed the deliveries, though suffering considerable pain in the back. He continued to suffer and he had difficulty getting up from sitting or reclining position, and could only do so by pushing up with his hands and arms. The injury occurred as he picked up the case of coffee, just as he had been doing for six and one-half years. He went through the same motions, and as far as he knew did identically what he had been doing on all prior occasions. The truck was loaded and unloaded in the same way, and carried similar articles. "There was nothing unusual or different. . . . I had no catch or anything else in my back previously that gave me any severe pain. It had been three or four years since I had a kink or catch in my back."

Dr. Swain, orthopedic surgeon, testified examination (shortly after the injury) revealed clinical evidence of an extruded intervertebral disc in the lumbar region — L-4 — with moderate neurological deficit. . . . "The symptoms observed, the slipping of the disc, may have been caused by the subject stooping and picking up a weight from the floor. The amount being lifted from the floor would not have any bearing on my opinion, because I think that a man could just, I think it is possible for a man just to bend over and get it. On the other hand, I would say it would be more likely if he were picking up some weight."

The defendants appealed from the judgment of the superior court sustaining the findings and affirming the award.

*John A. Wilkinson for plaintiff appellee.*
*Ward and Tucker for defendants, appellants.*

HIGGINS, J. The North Carolina Workmen's Compensation Act does not provide compensation for injury, but only for injury by accident. G.S. 97-2(6). The term "accident" as used in the Compensation Act has been defined by this Court as (1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause. *Smith v. Creamery Co.,* 217 N.C. 468, 8 S.E. 2d 231; *Love v. Lumberton,* 215 N.C. 28, 1 S.E. 2d 121; *Slade v. Hosiery Mills,* 209 N.C. 823, 184 S.E. 844; *Edwards v. Publishing Co.,* 227 N.C. 184, 41 S.E. 2d 592.

In *Moore v. Sales Co.,* 214 N.C. 424, 199 S.E. 605, this Court ap-

proved the award of compensation by holding the evidence of injury by accident was sufficient to support the commission's finding and to take the case out of the rule followed in *Slade v. Hosiery Mills, supra,* and *Neely v. Statesville,* 212 N.C. 365, 193 S.E. 664. "In the case at bar *(Moore v. Sales Co.)* the evidence discloses that while the operation of handling and lifting pipes was done in the ordinary manner, and even that the plaintiff had lifted pipes in that way before, two things occurred which, taken together, were out of the ordinary, and are sufficient, we think, to bring into the transaction the element of unusualness and unexpectedness from which accident might be inferred." (1) Other employees who had assisted in the work had been discharged. The plaintiff and one helper remained and were required to lift a pipe weighing 400 to 450 pounds. (2) The claimant had never handled pipes of that weight.

Quoting further from *Moore v. Sales Co.,* "There is in the foregoing sufficient evidence of the interruption of the routine of work, and the introduction thereby of unusual conditions likely to result in unexpected consequences, and these were of such a character as to justify the Industrial Commission in finding that plaintiff's injury was the result of accident."

To sustain an award of compensation in ruptured or slipped disc cases the injury to be classed as arising by accident must involve more than merely carrying on the usual and customary duties in the usual way. *Turner v. Hosiery Mills,* 251 N.C. 325, 111 S.E. 2d 185; *Holt v. Mills Co.,* 249 N.C. 215, 105 S.E. 2d 614. Accident and injury are considered separate. Ordinarily, the accident must precede the injury. *Hensley v. Cooperative,* 246 N.C. 274, 98 S.E. 2d 289, and cases cited. Accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. *Faires v. McDevitt & Street,* 251 N.C. 194, 110 S.E. 2d 898. In *Searcy v. Branson,* 253 N.C. 64, 116 S.E. 2d 175, the evidence disclosed the claimant, a carpenter, was assisting in the erection of a prefabricated chimney — something he had not done before. The claim was contested not on the question of accident, but on the question whether the injury arose out of and in the course of the employment.

Complaint is sometimes made that this Court has placed too much emphasis on "accident" and too little on "injury." Our interpretation of the Workmen's Compensation Act is well known to the legislative department of the State. If and when a change is desirable, the General Assembly has ample power to make it. *Hensley v. Cooperative, supra; Holt v. Mills Co., supra.* Tested by the rules adhered to in previous decisions, we must hold the evidence is insufficient to sustain a finding

the claimant suffered injury by accident. The Superior Court will remand the cause to the North Carolina Industrial Commission for the entry of an order denying compensation.

Reversed.

WINBORNE, C.J., *not sitting.*