JAMES R. KELLER, EMPLOYEE v. ELECTRIC WIRING COMPANY, INC., EMPLOYER, AND NEW AMSTERDAM CASUALTY COMPANY, CARRIER.

(Filed 10 April 1963.)

1. **Master and Servant § 93—**

   In passing upon exceptions to the findings of the Industrial Commission, the function of the Superior Court is to determine whether there is any evidence of substance which directly or by reasonable inference tends to support the findings, in which event the findings are conclusive, even though the evidence would also support findings to the contrary.

2. **Master and Servant § 63—**

   Evidence that while digging a ditch 12 inches wide by 14 inches deep, claimant came upon a rock some 24 inches long and 12 inches wide, weighing 50 to 100 pounds, that claimant dug around the rock, bent down to pick it up, and, as he twisted to heave it out of the ditch felt a catch in his back, together with expert testimony that the rupture of claimant's spinal disc was caused by the lifting episode and that lifting from such a twisted and cramped position multiplied the intensity of the stress upon the vertebrae, *is held* sufficient to sustain the Commission's findings that the injury resulted from an accident arising out of and in the course of the employment.

3. **Master and Servant § 45—**

   The Compensation Act must be liberally construed to effectuate its purpose to provide compensation for workers injured in industrial accidents.

APPEAL by plaintiff from *Campbell, J.,* February, 1963 Term, CA-TAWBA Superior Court.

The plaintiff, claimant, instituted this proceeding by filing before the North Carolina Industrial Commission a claim for compensation for injuries suffered while he was at work for Electric Wiring Company, Inc. The parties stipulated the jurisdictional facts. The Hearing Commissioner made findings of fact, stated his conclusions of law, and made an award allowing compensation. Upon review, the full Commission adopted the findings and conclusions of the Hearing Commissioner and affirmed the award.

Upon appeal to the Superior Court, Judge Campbell sustained seriatim defendants' exceptions Nos. 6 through 20, inclusive, set aside the award of compensation, and remanded the proceeding to the Industrial Commission with directions to disallow the claim. The plaintiff appealed.

*John H. McMurray, for plaintiff, appellant.*
*Patrick, Harper & Dixon, by F. G. Harper, Jr., for defendants appellees.*

HIGGINS, J.   The Superior Court judgment was based on the court's conclusion as a matter of law that the evidence was insufficient to support a finding that the claimant suffered an injury by accident arising out of and in the course of his employment. It is the duty of the court to determine whether, in any reasonable view of the evidence, it is sufficient to support the critical findings necessary to permit an award of compensation. The court does not weigh the evidence. That is the function of the Commission. If there is any evidence of substance which directly, or by reasonable inference, tends to support the findings, the courts are bound by them, "even though there is evidence that would have supported a finding to the contrary." *Searcy v. Branson,* 253 N.C. 64, 116 S.E. 2d 175. The rule is simple. The difficulty arises in its application to cases in that twilight zone between what is clearly sufficient and what is clearly insufficient. This is such a case.

The claimant, 40 years of age, weighing 230 pounds, an ex-army heavyweight boxing champion, was employed as an apprentice mechanic and engaged at the time of his injury in digging a ditch for the installation of a wiring conduit. He testified: "On March 17, 1961, I was digging ditches and laying conduits, staying ahead of the cement men. The specifications of the ditch . . . 12" wide by 14" deep. . . . I was injured around 12 o'clock. . . . At this particular time I came to a rock in the ditch . . . the ditch was approximately 14" deep. . . . To loosen

the rock I dug around it with a shovel and pick. . . . At this time I got the rock loose . . . bent down to pick the rock up. As I did I twisted to heave the rock out of the ditch and I had a catch in my back. I pitched over on my back and I guess I laid there approximately five minutes before I could move. . . . I lifted the rock approximately up to my knees, maybe a little bit better. I had to heave it out of the ditch . . . My feet were in the ditch . . . The rock weighed approximately 50 to 100 pounds. . . . At the time I was hurt there were no other employees of Electric Wiring Company on the job."

The claimant reported his injury and thereafter upon advice of the employer consulted a physician who placed him in traction for several days, but later referred him to Dr. Powers, an orthopedic surgeon, who performed an operation which disclosed, "A completely ruptured disc at the fourth interspace." Claimant was Dr. Powers' patient in the Presbyterian Hospital in Charlotte from April 28, 1961, to May 20, 1961, at which time he was discharged from the hospital. Dr. Powers testified: "It was a complete rupture. The material from the disc had broken through the covering and was lying in the interspace pressed against the nerve, . . . My opinion is that the disc symptoms and rupture were caused by the lifting episode which the patient described to me. . . . Twisting or his flex . . . does increase the pressure on the disc, . . . because of the increased leverage against the spine. . . . There was no evidence of pre-existing condition here so far as I know."* * *

"If you are lifting with your back straight and using your legs there isn't near the pressure against the disc that there is if you are bent forward, depending on the back muscles as a counterbalancing agent to do the lifting."

This case falls in a category different from *Bellamy v. Stevedoring Co.,* 258 N.C. 327, 128 S.E. 2d 395; *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 124 S.E. 2d 109; *Turner v. Hosiery Mills,* 251 N.C. 325, 111 S.E. 2d 185; *Holt v. Mills Co.,* 249 N.C. 215, 105 S.E. 2d 614; and *Hensley v. Cooperative,* 246 N.C. 274, 98 S.E. 2d 289. In *Bellamy* there was no evidence the heart attack grew out of the employment. In *Harding* the claimant was engaged in transporting and delivering groceries. He suffered pain in his back as he picked up a carton containing 12 pounds of coffee and turned and twisted to unload it from the truck. He had been similarly engaged for more than six years. He was not in any abnormal position. In *Turner* the claimant was merely leaning over a knitting machine, adjusting the carriage. This same work he had done from 12 to 15 times daily for four years. He was not in any unusual position. In *Hensley* the claimant developed hernia

while dipping chickens. He had been on the same job at the same place for four years. G.S. 97-2(18) provides what must be shown to justify compensation for hernia.

This case, or at least its material facts, more nearly follows *Davis v. Summitt*, 259 N.C. 57, 129 S.E. 2d 588; *Searcy v. Branson, supra; Faires v. McDevitt & Street Co.*, 251 N.C. 194, 110 S.E. 2d 898; and *Edwards v. Publishing Co.*, 227 N.C. 184, 41 S.E. 2d 592. In *Edwards* the authorities are cited and reviewed by Devin, J., (later C.J.,) in the Court's opinion, and in the concurring opinion by Seawell, J. Both opinions call attention to the divergent views whether an accident must precede an injury for the latter to be compensable. *Slade v. Hosiery Mills*, 209 N.C. 823, 184 S.E. 844. Such does not seem to be the majority rule. There is authority cited by Seawell indicating that injury by accident and accidental injury are synonymous terms. If so, the injury may be accidental without any requirement that an accident must precede and cause it.

In this case the claimant was standing in a ditch 14" deep and only 12" wide. The rock weighing 50 to 100 pounds was two feet long and the same width as the ditch. Necessarily claimant was required to bend forward in order to pick it up from the bottom of the ditch and deposit it to one side. This necessarily required a twisting movement. The intensity of the stress upon the vertebrae, according to Dr. Powers, was multiplied by lifting from that position. These facts are sufficient to distinguish this case from *Harding, Hensley*, etc.

Obviously, under any view, if the claimant had dropped the rock in the process of lifting and injured his foot, the injury would be compensable. To say that the injury which resulted from lifting and heaving the rock from a twisted and cramped position would be non-compensable does not commend itself as either very sound reasoning or very good law. The Compensation Act requires that it be liberally construed to effectuate the objects for which it was passed — to provide compensation for workers injured in industrial accidents.

We hold that the evidence before the Commission was sufficient to support its findings, conclusions, and to sustain the award. The judgment of the Superior Court is set aside. The proceeding will be remanded to the North Carolina Industrial Commission for disposition in accordance with this opinion.

Reversed.