J. T. PARDUE v. BLACKBURN BROTHERS OIL & TIRE COMPANY AND SHELBY MUTUAL INSURANCE COMPANY.

(Filed 30 October 1963.)

**1. Master and Servant § 63—**

A back injury or hernia suffered by an employee while carrying on his usual and customary duties in the usual way does not arise by accident, but such injury does arise by accident only if there is an interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences.

**2. Same—**

Findings of the Industrial Commission disclosing what the employee was doing when he suffered a back injury, without findings as to whether such activities were a part of his usual and customary duties or whether they were being performed in the usual manner, or facts from which these matters may be inferred, *held* insufficient to support a finding that the back injury resulted from an accident.

**3. Master and Servant § 93—**

On appeal to the Superior Court from the Industrial Commission the findings of the Commission supported by competent evidence must be accepted as true and the Superior Court is limited to determining whether

such findings justify the legal conclusions and the decision of the Commission, but in no event may the Superior Court or the Supreme Court consider the evidence for the purpose of finding the facts for itself, and therefore if the findings of the Commission do not include all determinative facts the proceeding must be remanded.

APPEAL by defendants from *Gwyn, J.,* June 1963 Session of WILKES. Proceedings pursuant to the Workmen's Compensation Act.

Plaintiff, J. T. Pardue, filed claim for compensation for an alleged injury to his back suffered by him in the course of his employment by defendant Tire Company.

Deputy Commissioner Thomas denied compensation. On review the full Commission allowed compensation. The superior court affirmed. Defendants appeal.

*Daniel J. Park for plaintiff.*
*McElwee & Hall for defendants.*

MOORE, J.   Defendants except to the judgment below on the ground that the conclusions of law and award of the Commission are "not supported by sufficient findings of fact and evidence that appellee sustained an injury by accident."

With respect to plaintiff's duties and the occurrence from which the injury arose, the Commission made only the following findings of fact:

"1.   Plaintiff . . . began working for defendant employer on December 28, 1961, his duties being to recap tires.

"2.   On February 28, 1962, the plaintiff was mounting a tractor tire on a tractor; that the tire was a large tractor tire; that the plaintiff had taken the tire off the tractor and pumped approximately 50 gallons of fluid into the tire and then was engaging in putting the tire back on the tractor; that the plaintiff had hold of the heavy tire with his left hand up at the top of the tire and with his right hand down toward the bottom of the tire at about the level of his knee and was in a crouched position; that the plaintiff was trying to get the hole in the wheel lined up with the lug bolt in order to tighten the lug bolt; that the plaintiff pushed in with his right hand on the tire and pulled out with his left hand and while in this position he felt a pain in his back; that the plaintiff continued to work on the remainder of the day with his back paining him, but he thought that it soon would wear off.

. . . . . .

"4.   The plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer on February 28, 1962, as described in Finding of Fact No. 2, . . ."

A back injury or hernia suffered by an employee does not arise by accident if the employee at the time was merely carrying out his usual and customary duties in the usual way. *Byrd v. Cooperative,* 260 N.C. 215, 132 S.E. 2d 348; *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 124, S.E. 2d 109; *Turner v. Hosiery Mill,* 251 N.C. 325, 111 S.E. 2d 185; *Holt v. Mills Co.,* 249 N.C. 215, 105 S.E. 2d 614; *Hensley v. Cooperative,* 246 N.C. 274, 98 S.E. 2d 289.

In cases involving back injury or hernia the elements constituting accident are the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences. *Faires v. McDevitt and Street Co.,* 251 N.C. 194, 110 S.E. 2d 898; *Moore v. Sales Co.,* 214 N.C. 424, 199 S.E. 605. The following are some of such cases in which it was held that the injuries resulted from accident: *Davis v. Summitt,* 259 N.C. 57, 129 S.E. 2d 588; *Keller v. Wiring Co.,* 259 N.C. 222, 130 S.E. 2d 342; *Searcy v. Branson,* 253 N.C. 64, 116 S.E. 2d 175; *Faires v. McDevitt and Street Co., supra; Harris v. Contracting Co.,* 240 N.C. 715, 83 S.E. 2d 802; *Rice v. Chair Co.,* 238 N.C. 121, 76 S.E. 2d 311; *Smith v. Creamery Co.,* 217 N.C. 468, 8 S.E. 2d 231. Some of such cases in which the facts of the occurrence were held insufficient to constitute accident are listed in the preceding paragraph of this opinion.

The facts found by the full Commission are supported by competent evidence. But there are not sufficient findings to support the conclusion that plaintiff sustained an injury by accident. The Commission found that it was plaintiff's job to recap tires. It does not appear in the findings whether the activities in which plaintiff was engaged at the time of his injury were a part of his usual and customary duties or whether they were being performed in the usual manner, nor are there findings of fact from which these matters may be inferred. There are no findings of fact respecting plaintiff's job from which it may be seen with reasonable specificity what his usual and customary duties were, and from which it may be determined whether the occurrence which caused his injury involved an interruption of routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.

If the findings of fact of the Industrial Commission are supported by competent evidence and are determinative of all of the questions at issue in the proceeding, the court must accept such findings as final

truth and merely determine whether they justify the legal conclusions and decision of the Commission. But in no event may the superior court or this Court consider the evidence in the proceeding for the purpost of finding the facts for itself. *Brice v. Salvage Co.*, 249 N.C. 74, 105 S.E. 2d 439. The Commission is not required to make a finding as to each detail of the evidence or as to every inference or shade of meaning to be drawn therefrom. But specific findings of fact by the Commission are required. These must cover the crucial questions of fact upon which plaintiff's right of compensation depends. *Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596. If the findings of fact of the Commission are insufficient to enable the Court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the end that the Commission make proper findings. *Brice v. Salvage Co., supra; Farmer v. Lumber Co.*, 217 N.C. 158, 7 S.E. 2d 376.

This cause is remanded to the superior court with direction that an order be entered consigning it again to the Industrial Commission for findings of fact determinative of all questions at issue.

Error and remanded.