HORACE LAWRENCE, EMPLOYEE v. HATCH MILL, A DIVISION OF DEERING
    MILLIKIN, INC., EMPLOYER, AND LIBERTY MUTUAL INSURANCE
    COMPANY, CARRIER.

(Filed 22 September, 1965.)

**1. Master and Servant § 45—**
    An injury must result from an accident in order to be compensable under
    the North Carolina Workmen's Compensation Act. G.S. 97-2(6).

**2. Master and Servant § 63—**
    Claimant's testimony that at the time of his back injury he was reaching
    for a hanger from a box about four feet high in the same way that he had
    performed that duty of his employment for more than a year, *held* insuffi-
    cient to support a finding that the back injury was the result of an acci-
    dent.

**3. Master and Servant § 93—**
    While the findings of the Industrial Commission are conclusive if sup-
    ported by competent evidence, whether the evidence is sufficient to support
    the findings is a question of law for the court.

APPEAL by plaintiff, employee, from *McLean, J.,* February 1965
Session, POLK Superior Court.

This proceeding originated as a compensation claim before the
North Carolina Industrial Commission for injuries the plaintiff alleged
he suffered by accident arising out of and in the course of his employ-
ment as a member of the Hatch Mill maintenance crew engaged in re-
pairing and servicing the mill machinery. The parties stipulated all
pertinent facts involved in the claim, with one exception: was the
plaintiff's injury caused by accident arising out of and in the course
of his employment?

The Deputy Commissioner, in addition to medical testimony, heard
the evidence of the claimant and his two fellow employees, made find-
ings of fact favorable to the claimant, and awarded compensation. The
Full Commission, on review, adopted the findings and affirmed the
award. The Superior Court reversed the Commission upon the ground
the evidence was insufficient to show injury by accident and remanded
the cause to the Industrial Commission with direction to deny the
claim. The plaintiff appealed.

*Jones & Jones by Robert A. Jones, McCown, Lavendar & McFarland by Wm. A. McFarland for plaintiff appellant.*

*Van Winkle, Walton, Buck and Wall by Roy W. Davis, Jr., for defendant appellees.*

HIGGINS, J.  The plaintiff's evidence disclosed that he had worked in the employer's textile mill for more than 11 years. During the year and a half preceding his injury, he was a member of the maintenance crew which serviced and overhauled the mill machinery. His duties included grinding the carding machines.

At the time of his injury the plaintiff was in the act of removing from a tool box one of the two hangers by which the grinding apparatus was attached to the carding machine. Each hanger weighed approximately 47 pounds. The claimant testified: "I reached over in this box about four feet high to pick up a hanger whenever the pain caught me in the back." He testified he had been doing this same type of work two or three times a day for more than a year. After describing the manner of his injury, he said that was the way he always did it. The sum total of his evidence is that at the time of his injury he was performing his duties in the usual and customary way. This evidence is insufficient to support a finding of injury by accident.

"The North Carolina Workmen's Compensation Act does not provide compensation for injury, but only for injury by accident. G.S. 97-2(6). . . . To sustain an award of compensation in ruptured disc cases the injury to be classed as arising by accident must involve more than merely carrying on the usual and customary duties in the usual way. *Turner v. Hosiery Mill*, 251 N.C. 325, 111 S.E. 2d 185; *Holt v. Mills Co.*, 249 N.C. 215, 105 S.E. 2d 614. . . . Accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unpredicted consequences." *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109. "A back injury or hernia suffered by an employee does not arise by accident if the employee at the time was merely carrying out his usual and customary duties in the usual way." *Pardue v. Tire Co.*, 260 N.C. 413, 132 S.E. 2d 747.

In the cases where recovery has been allowed, the evidence has shown an interruption of the usual work routine or the introduction of some new circumstance not a part of that routine. *Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342; *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175, and cases therein cited.

In compensation cases the Commission finds the facts. If the findings have evidentiary support in the record, they are conclusive. However, the question whether the evidence is sufficient to support the

findings is one of law to be determined by the courts. The Legislature has provided that the Workmen's Compensation Act shall be liberally construed but it does not permit either · the Commission or the courts to hurry evidence beyond the speed which its own force generates.

The evidence in this record is insufficient to sustain the finding of injury by accident. The judgment of the Superior Court is

Affirmed.