D. G. ETHERIDGE, EMPLOYEE, PLAINTIFF, v. VANCE BUTLER, JR., EM-
PLOYER; BITUMINOUS CASUALTY CORP., CARRIER; AND/OR GEORGIA-
PACIFIC LUMBER CO., EMPLOYER; SELF-INSURER, DEFENDANTS.

(Filed 10 July 1968.)

**1. Master and Servant § 93—**

A finding of fact by the Industrial Commission, if supported by com-
petent evidence, is binding on the Superior Court judge who reviews the
case, and is likewise binding on appeal to the Court of Appeals.

**2. Appeal and Error § 28—**

An assignment of error to a finding of fact must indicate the page of
the record where the finding of fact appears, and it is insufficient merely
to refer to the page where the exception to the finding appears as an
appeal entry.

APPEAL by defendants Vance Butler, Jr. and Bituminous Cas-
ualty Corporation from *Clark, J.,* 26 February 1968 Session COLUM-
BUS Superior Court.

This action originated before the North Carolina Industrial Com-
mission in 1966, and the final award of the full commission was en-
tered 27 April 1967. This final award having been entered prior to
1 October 1967, appeal was properly taken to the Superior Court.

On 4 June 1965, the plaintiff, Dowal Gray Etheridge, was work-
ing in the Ashpole Swamp area with his father, Joseph Etheridge.
They had just commenced their work for the day and were gather-
ing their tools in order to build or to repair the railroad which was
used to transport logs out of the swamp area. While gathering these
tools, the plaintiff, Dowal Gray Etheridge, was hit by a falling tree
and sustained certain injuries which form the basis for this claim.

The evidence is in conflict with regard to the issue of employer-
employee relationship. Plaintiff's evidence tends to show that both
the plaintiff and his father were in the Ashpole Swamp area at the
request of Vance Butler, Jr., to repair damaged railroad and to assist
in relocating a skidder set. The defendants' evidence tends to show
that the plaintiff and his father had been laying a new track in the
area, that he had asked them to assist in relocating a skidder set,
and that this task had been completed at the time of the accident.

During the proceedings before the Industrial Commission the
Georgia-Pacific Lumber Company was made an additional party de-
fendant.

The hearing commissioner found that claimant was injured on 4
June 1965 by accident arising out of and in the course of his em-
ployment; that at the time of his injury claimant was an employee
of Vance Butler, Jr., and was not an employee of Georgia-Pacific

Lumber Company; and that claimant had an average weekly wage of $45.00.

On appeal to the full commission, the findings and conclusions of the hearing commissioner were adopted except that the full commission found that claimant had an average weekly wage of $60.00.

Upon hearing of the appeal in the Superior Court, Judge Clark made independent findings as to the jurisdiction of the Industrial Commission; changed finding of fact No. 4 which is not material to the outcome of the case; and affirmed the award of the full commission.

The defendants Vance Butler, Jr., employer, and Bituminous Casualty Company, carrier, appealed to the Court of Appeals.

*D. Jack Hooks; and Powell, Lee and Lee by J. B. Lee for claimant appellee.*

*Marshall and Williams by A. Dumay Gorham, Jr., for Vance Butler, Jr. and Bituminous Casualty Corporation, appellants.*

*Powell and Powell by Frank M. Powell for Georgia-Pacific Lumber Company, appellee.*

BROCK, J. The main contention of the appellants is that claimant was working for his father who was an independent contractor, and that neither claimant nor his father were employees of Vance Butler, Jr., at the time of the accident. The evidence was conflicting. A finding of fact by the Industrial Commission, if supported by competent evidence, is binding on the Superior Court Judge who reviews the case, and is likewise binding on this Court on appeal. *Pardue v. Tire Co.,* 260 N.C. 413, 132 S.E. 2d 747.

The appellants' assignments of error to Judge Clark's judgment do not help us in locating what is complained of. Appellants' assignment of error No. 3 is illustrative:

> "3. The Court erred in overruling defendants' exception and Assignment of Error #3, reading as follows:
>
>> Finding of Fact No. 6 (adopted by the Full Commission) is erroneous for that it is not supported by the evidence. To the said Finding of Fact, these defendants except and assign error.
>
> Exception No. 3 (Rp. 23); Exception No. 30 (Rp. 33)."

The reference to Rp. 23 merely refers us to the page where Exception No. 3 appears as an appeal entry; nowhere are we shown where Finding of Fact No. 6 appears. The reference to Rp. 33 merely

refers us to the page where Exception No. 30 appears as an appeal entry; again, we do not know to what page of the Record it refers.

Assignments of error of this nature are of no help to us. In order to determine what appellant means we must search through the award of the hearing commissioner; the award of the full commission; and the judgment of the Superior Court.

Nevertheless, we have carefully read the transcripts of the hearings, and we are of the opinion that there is competent evidence to support the findings of fact as amended by the full commission and as amended by Judge Clark. We hold that the findings of fact support the conclusions of law, and the conclusions support the award of the full commission. The judgment appealed from is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.