BERTIE R. RUSSELL, EMPLOYEE v. PHARR YARNS, INC., EMPLOYER; LIBERTY MUTUAL INSURANCE CO., CARRIER

No. 7327IC76

(Filed 23 May 1973)

1. Master and Servant § 55— accident, injury not synonymous

The words "accident" and "injury" are not synonymous with respect to claims under the Workmen's Compensation Act.

2. Master and Servant § 65— workmen's compensation — back injury — usual work performed in usual manner

Injury arising out of lifting objects in the ordinary course of an employee's business is not caused by accident where such activity is performed in the ordinary manner, free from confining or otherwise exceptional conditions and surroundings.

3. Master and Servant §§ 65, 96— workmen's compensation — back injury — review of order denying compensation

Order of the Industrial Commission denying compensation is affirmed on appeal where there was competent evidence before the Commission upon which to base a finding that plaintiff was performing her regular duty of hanging cones of yarn on defendant-employer's machines in the usual manner and that up to the time that plaintiff felt the stabbing pain in her back, nothing unusual or out of the ordinary occurred which caused the pain.

APPEAL by plaintiff from Order of the North Carolina Industrial Commission filed 2 August 1972 denying compensation.

Plaintiff-employee was a "doffer and creeler," which job consisted of hanging cones of yarn on defendant-employer's machines. At about 8:00 p.m. on 15 July 1971 plaintiff was removing cones of yarn from a box on wheels, which she rolled in front of her, and placing the cones of yarn on the machines. As she reached down into the box for two cones, she felt a severe pain in her back. A physician testified that she had been treated after the date of the injury for a herniated disc.

Plaintiff testified that she had been performing this type of work for about three years, and usually emptied the boxes of cones four to five times a workday. The boxes usually contain about 50 to 60 cones when full.

Plaintiff was uncertain about the cause of the injury. She did state that, "[a]s I was bringing the bobbins up, the only thing unusual that happened from the way that I normally do it is that I felt a slight tug." When asked by the Deputy Commis-

sioner to testify as to what she knew happened, she stated, "I was coming up out of the box . . . and I felt this jabbing pain in my back."

The Commission found:

"4. She had most of the yarn hung when she reached down into the bottom of the cart, grasped two cones, and began to raise up. Upon raising up to the point that her upper torso was horizontal with the floor she felt a jabbing pain in her back. The pain was intense enough to cause her to scream and drop the cones.

5. Up to the time that claimant felt the stabbing pain in her back nothing unusual or out of the ordinary occurred which caused the pain. She was performing her regular duties in the usual manner.

6. Claimant was not injured by accident within the meaning of the North Carolina Workmen's Compensation Act because no unusual event, constituting an interruption of her usual routine of work, caused the back injury."

*Harris & Bumgardner by Don H. Bumgardner for plaintiff appellant.*

*Hedrick, McKnight, Parham, Helms, Warley & Kellam, by Richard T. Feerick for defendant appellee.*

CAMPBELL, Judge.

[1, 2] The words "accident" and "injury" are not synonymous. *Rhinehart v. Market,* 271 N.C. 586, 157 S.E. 2d 1 (1967); *Gray v. Storage, Inc.,* 10 N.C. App. 668, 179 S.E. 2d 883 (1971). Thus, an accident has occurred only where there has been an interruption of the usual work routine or the introduction of some new circumstance not a part of the usual work routine. A hernia or back injury suffered by an employee does not arise by accident if the employee at the time was merely carrying out his usual and customary duties in the usual way. *Gray v. Storage, Inc., supra.* Injury arising out of lifting objects in the ordinary course of an employee's business is not caused by accident where such activity is performed in the ordinary manner, free from confining or otherwise exceptional conditions and surroundings. *Rhinehart v. Market, supra.*

---

---

Countless cases of back or hernia injuries can be cited in which the plaintiffs did not recover an award because there was no unusual circumstance about the performance of the job which showed that an accident had occurred. See for example, *Lawrence v. Mill*, 265 N.C. 329, 144 S.E. 2d 3 (1965) (plaintiff reached into a tool box to retrieve an object weighing about 47 pounds, as he had done on other occasions); *Byrd v. Cooperative*, 260 N.C. 215, 132 S.E. 2d 348 (1963) (lifting 100-pound bags of fertilizer); *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109 (1962) (truck driver unloading 12 one-pound packages of coffee in the usual manner); *Turner v. Hosiery Mills*, 251 N.C. 325, 111 S.E. 2d 185 (1959) (plaintiff leaned over back of hosiery machine to make an adjustment to the machine); *Hensley v. Cooperative*, 246 N.C. 274, 98 S.E. 2d 289 (1957) (plaintiff twisted his back when picking up a basket of chickens).

In *Holt v. Mills Co.*, 249 N.C. 215, 105 S.E. 2d 614 (1958), the plaintiff injured his back while "doffing twisters." His job required the taking off of yarn-filled bobbins from the spinning frames and the placing of empty bobbins in the frames. The full bobbins were placed in boxes and transported on a manually pushed truck to a storage room where they were lifted from the truck and placed on a shelf. Plaintiff reached into the lower level of the hand truck to lift a box of yarn bobbins, weighing about 100 pounds, while in a "stooped and bent" position; as he lifted the weight, he felt a pain in his groin. It was held that the evidence did not show the occurrence of an accident, and plaintiff was not entitled to a compensation award.

Hernia or back injuries, of course, have been compensable in other cases. In *Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342 (1963); *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175 (1960); and *Edwards v. Publishing Co.*, 227 N.C. 184, 41 S.E. 2d 592 (1947), the plaintiffs were injured when lifting objects while in an unusually twisted, cramped, or awkward position.

In *Davis v. Summitt*, 259 N.C. 57, 129 S.E. 2d 588 (1963); *Faires v. McDevitt and Street Co.*, 251 N.C. 194, 110 S.E. 2d 898 (1959); *Rice v. Chair Co.*, 238 N.C. 121, 76 S.E. 2d 311 (1953); and *Moore v. Sales Co.*, 214 N.C. 424, 199 S.E. 605 (1938), the plaintiffs were performing physically strenuous tasks without the assistance from other workmen which was normally used.

In *Harris v. Contracting Co.*, 240 N.C. 715, 83 S.E. 2d 802 (1954), the plaintiff's feet slipped, and he fell injuring his back.

[3] Upon review of an order of the Industrial Commission, this Court does not weigh the evidence, but may only determine whether there is evidence in the record to support the finding made by the Commission. *Garmon v. Tridair Industries,* 14 N.C. App. 574, 188 S.E. 2d 523 (1972). If there is any evidence of substance which directly or by reasonable inference tends to support the findings, the court is bound by such evidence, even though there is evidence that would have supported a finding to the contrary. *Keller v. Wiring Co., supra.* In the instant case there was competent evidence upon which to base a finding that the plaintiff was performing her regular duties in the usual manner, and that "up to the time that the claimant felt the stabbing pain in her back nothing unusual or out of the ordinary occurred which caused the pain."

Affirmed.

Judges BRITT and HEDRICK concur.