The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Lutheran Retirement Ministries was a self-insured employer.
4. The date of the alleged injury was July 3, 1995.
In addition, the parties stipulated into evidence the following:
1. Form 22 dated March 25, 1996.
2. Thirteen pages of medical records and reports.
3. Industrial Commission Forms 18, 19, 33 and 33R in the Commission file.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. As of July 1995, plaintiff had been employed approximately three years as a maintenance technician by defendant, a retirement and healthcare facility. The retirement complex had villas, apartment buildings, a community center and a healthcare facility on the grounds. Plaintiff's duties included performing maintenance and repairs to the various buildings. He would perform plumbing, electrical and heating and air-conditioning work and would repair appliances.
2. On July 3, 1995 plaintiff was given a work order indicating that a clothes dryer in one of the villas was not working properly. When he investigated the situation he determined that the vent to the dryer was clogged. Apparently, the dryer vented out at the roof. Consequently, he got a ladder and climbed onto the roof to clean out the vent. After completing the task, he walked down the sloped roof to where the ladder was located. Once at the edge of the roof he faced the side of the ladder and squatted with his left leg higher than his right due to the slope. He then pivoted to his right so that he could step onto the ladder with his right foot. As he was turning, he experienced a snapping sensation in his left knee and severe pain.
3. Plaintiff was unable to climb down the ladder at that time due to the pain, so he called or radioed his supervisor and advised him of the injury. Plaintiff was seen that day by a physician's assistant at the Kernodle Clinic who thought he might have a meniscal tear He was given a knee immobilizer and medication. His symptoms persisted despite conservative treatment, so an MRI was ordered. Dr. Kernodle then examined him and diagnosed his condition as a torn medial meniscus. Surgery was recommended. Consequently, on August 7, 1995 plaintiff underwent arthroscopic surgery to repair the torn cartilage. Dr. Kernodle followed his recovery thereafter until February 21, 1996 when he was released from medical care.
4. Plaintiff's job duties required him to kneel, bend, stoop, crawl and climb ladders on a regular basis. His work assignments often involved climbing onto a roof at the facility. It was his practice to move from the roof to the ladder by squatting beside the ladder, turning and then placing his right foot on a rung. He used his normal method of getting onto the ladder on July 3, 1995 when he was hurt. There was nothing unusual or out of the ordinary in the manner that he squatted and turned on this occasion, nor was there an interruption of his regular work routine.
5. Although plaintiff sustained an injury arising out of and in the course of his employment on July 3, 1995, his injury was not the result of an accident.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an "accident". G.S. § 97-2 (6).
2. An "accident" must involve more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v. Thomas Howard Co., 256 N.C. 427,124 S.E.2d 109 (1962).
3. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on July 3, 1995. G.S. § 97-2 (6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. This claim must, under the law, be and it is hereby DENIED.
2. Each side shall pay its own costs of this appeal.
This is the 13th day of December, 1996.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER