The Full Commission reviewed the prior Opinion and Award in this matter along with all of the competent evidence of record in the proceeding before Deputy Commissioner Jones and the briefs and argument of counsel. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's opinion and Award and enters the following opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between the plaintiff and the defendant-employer on June 23, 1994.
3. Travelers Insurance Company is the carrier on the risk.
4. The plaintiff was out of work following the alleged injury from August 15, 1994 through February 12, 1995. The plaintiff received sickness and accident benefits from a fully funded employer plan from August 16, 1994 through February 9, 1995, totaling $5,637.25.
5. The plaintiff's average weekly wage would yield the maximum compensation rate of $466.00.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional
 FINDINGS OF FACT
1. On June 23, 1994, the plaintiff was employed by the defendant-employer as a "tire appearance checker". As such, the plaintiff was required to visually inspect tires for defects as they traveled down a conveyer system, manually guiding the tires to the appropriate chutes. At times, he was required to push tires along the conveyer when they became stuck or the conveyer was not rolling properly.
2. On June 23, 1994, the plaintiff was assigned to the "MOD-2" appearance checker station, which was adjacent to the "MOD-1" station. The functions of the two stations were the same. It is the common practice with the defendant-employer since at least 1973 for the appearance checkers on MOD-1 and MOD-2 to cover for each other, performing the work at both stations, when one goes on a break or has to take a cart of tires elsewhere.
3. At the time of his injury on June 23, 1994, the plaintiff was covering for a co-worker on MOD-1. He was pushing a tire on the conveyer system with his left arm, exactly as he normally does, when he felt a snap in his arm. He reported the incident to the plant nurse, who gave him some pain medication.
4. Although he continued to work, the plaintiff continued to have significant pain in his left bicep. He went to see his family physician on August 15, 1994, who first referred him to physical therapy, and then to an orthopaedic surgeon.
5. The orthopaedic surgeon diagnosed the plaintiff's impingement syndrome in the left shoulder and left bicep tendon rupture. He performed surgery on the plaintiff on November 18, 1994. The plaintiff then participated in physical therapy from December 1, 1994 through approximately January 28, 1995.
6. The plaintiff returned to work as a tire appearance checker with the defendant-employer on February 13, 1995.
7. The plaintiff's left arm injury occurred while he was carrying on the usual and customary duties of his job in the usual way. There was no interruption of his work routine and no introduction of unusual conditions likely to result in unexpected consequences.
***********
Based upon the foregoing findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the North Carolina Workers' Compensation Act, it must be the result of an "accident". N.C.G.S. § 97-2(6).
2. An "accident" must involve more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v. Thomas Howard Co.,256 N.C. 427 (1962).
3. The plaintiff did not sustain an injury by accident arising out of and in the course of his employment with the defendant-employer. N.C.G.S. § 97-2(6).
4. The plaintiff is not entitled to benefits under the North Carolina Workers' Compensation Act for his arm injury. N.C.G.S. § 97-2 et seq.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission, reversing the prior Opinion and Award of the Deputy Commissioner, enters the following
 ORDER
1. The plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
 S/_____________ MARGARET MORGAN DEPUTY COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER