The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Pathways Home Care was a self-insured employer.
4. The date of the alleged injury was October 20, 1996.
5. Plaintiff was out of work from November 8, 1996 through June 29, 1997.
In addition, the parties stipulated into evidence the following:
1. Form 22 dated June 24, 1997.
2. Three pages of medical records from Cabarrus Memorial Hospital Quick Care.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. As of October 1996, plaintiff had been employed by defendant for approximately three months as a certified nursing assistant. She worked on a part-time basis during most of that time. Defendant would notify her of a position when it was available and she could choose to accept or reject it. Her job involved going to a patient's house or hospital room and providing attendant care. She would feed and bathe the patient, change the linen and otherwise take care of the patient's needs. As part of her duties, she would transfer the patient to and from the bed.
2. Prior to her employment with defendant, plaintiff had worked as a private duty nurse for a woman who died in October 1995 and she had worked for a short time at a nursing home.
3. On October 20, 1996 plaintiff was assigned to go to the home of Vivian Honeycutt, a patient who was bedridden. Plaintiff lifted Ms. Honeycutt, who weighed between 150 and 175 pounds, from the bed and placed her in a wheelchair. Ms. Honeycutt stayed in the wheelchair while plaintiff fed her and changed her linen. When it was time to put her back in bed, plaintiff grasped her around the waist and lifted, using proper technique. Ms. Honeycutt did not push up or otherwise help plaintiff with the transfer. Plaintiff turned towards the bed while holding the patient and, as she was turning, she felt a popping sensation in the back of the upper calf of her right leg. She apparently finished her shift with Ms. Honeycutt but continued to experience leg pain. Consequently, she reported the injury to her supervisor the following day.
4. Annette Laws, plaintiff's supervisor, sent her to Quick Care at the hospital where she was examined on October 21, 1996. She advised medical personnel there that she had hurt her leg moving a patient from a wheelchair to the bed. Her condition was diagnosed as a strained calf muscle and she was given medication to take.
5. Plaintiff apparently received treatment some time later for a knee problem, but those medical records were not submitted into evidence. Rather, the parties requested a ruling only on the compensability issue.
6. Transferring patients from bed to wheelchair and vice versa was a normal part of plaintiff's job. Although she indicated that it was unusual for the patient to provide no assistance at all during the transfer, she admitted that it happened approximately twice per month. Consequently, it was not unusual for her to have to move Ms. Honeycutt to the bed without assistance and there was not an interruption of her regular work routine on that occasion.
7. Although plaintiff sustained an injury arising out of and in the course of her employment on October 20, 1996, her injury was not the result of an accident.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an "accident". G.S. § 97-2 (6).
2. An "accident" must involve more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v. Thomas and Howard Company, 256 N.C. 427
(1963).
3. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer on October 20, 1996. G.S. § 97-2 (6).
4. Plaintiff is not entitled to benefits under the Workers' Compensation Act for her leg injury. G.S. § 97-2 et seq.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. This claim must, under the law, be and it is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of October 1998.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN JR., CHAIRMAN
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER