The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 *********** STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Roadway Express, Inc. was a self-insured employer with Helmsman Management Services as its adjusting agency.
4. Plaintiff's average weekly wage was $556.80.
5. Plaintiff was out of work from May 4 through June 19, 1997.
6. The type of activities described by plaintiff could cause a strain of the distal radial ulnar joint of the right wrist.
A pretrial agreement dated February 12, 1998 was submitted by the parties at the hearing and is incorporated by reference.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. As of May 1997, plaintiff had been employed by defendant for almost three years as a dock worker. His job involved loading and unloading trucks. He could use a forklift for most loads but there were also a significant number of loads which required him to manually lift the freight. However, there was a conveyor available to assist with the process. The nature and amount of freight he worked with varied from day to day and from one season to another.
2. Plaintiff worked the night shift and went to work on Friday evening May 2, 1997 as scheduled. During the course of his shift, he had to work on a load of boxed underwear which he lifted onto the conveyor, he had to lift rolls of cloth weighing up to fifty pounds, and he had to lift additional boxes of socks and underwear. When he left to go home the next morning, he did not notice any symptoms. However, when he woke up at noon on Saturday, his right wrist was hurting. One of his hobbies was lifting weights and he had gloves for weight lifting which had wrist supports, so he wore his glove at work that night. His wrist continued to bother him and at sometime during the work shift he experienced a sharp pain in the wrist when he lifted a mirror.
3. Plaintiff reported the problem but tried to keep working. However, the pain became sufficiently severe that he left work early that night. On the morning of May 5, he went to the emergency room where he was given medication and a splint and referred to an orthopedic surgeon. Dr. Kornegay then examined him on May 15, 1997 and diagnosed his condition as a strain of the distal radial ulnar joint. His arm was placed in a short arm cast and Dr. Kornegay restricted him to one-handed work. At the follow-up appointment on June 12, 1997, he was released to return to work effective June 23, 1997 and he returned to work for defendant by that date. Dr. Kornegay released him from medical care on July 10, 1997.
4. In his testimony regarding the circumstances of the May 2, 1997 work shift, plaintiff described it as being a very heavy work day. However, he acknowledged that the freight he handled that day was processed on a weekly basis at the terminal and that he had worked with it previously. In fact, he had worked with it regularly, although there were daily variations in the nature of the freight which he loaded and unloaded in the course of his employment.
5. Plaintiff did not sustain a specific injury during his May 2, 1997 work shift; nor were there circumstances which were unusual and which would constitute an interruption of his regular work routine that night. Although he developed a sprain of his distal radial ulnar joint as a result of his job activities during that work shift, his condition was not proven to have resulted from an accident, but rather it resulted from activities which were part of his normal work routine.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an "accident". G.S. § 97-2 (6).
2. An "accident" must involve more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v. Thomas and Howard Company, 256 N.C. 427
(1963).
3. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on May 2, 1997. G.S. § 97-2 (6).
4. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his wrist condition. G.S. § 97-2 et seq.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. This claim must, under the law, be and it is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of October 1998.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN JR., CHAIRMAN
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER