CHARLES IVEY, EMPLOYEE/PLAINTIFF v. FASCO INDUSTRIES, EMPLOYER, AND NATIONWIDE MUTUAL INSURANCE CO., CARRIER/DEFENDANTS

No. 9010IC609

(Filed 15 January 1991)

**Master and Servant § 55.1 (NCI3d) — workers' compensation — 1978 and 1982 injuries — separate accidents — contradictory findings by hearing commissioners — necessity for determination by Full Commission**

Where plaintiff sustained an injury by accident in his employment on 2 February 1978; plaintiff was again injured in the course of his employment on 18 August 1982; a hearing officer determined that this injury resulted from a separate accident and ordered temporary total disability payments through 16 February 1983; the matter was rescheduled for a determination of plaintiff's entitlement to compensation for

IVEY v. FASCO INDUSTRIES

[101 N.C. App. 371 (1991)]

temporary total disability and permanent partial disability beyond 16 February 1983; and a second hearing officer found that plaintiff's disability beginning in August 1982 was due to the injury by accident sustained by plaintiff in February 1978 and was related to a change of condition of the 1978 accident, the Full Commission erred in adopting the second hearing officer's opinion without addressing the conflict between the opinions of the two hearing officers as to whether plaintiff sustained a separate, compensable injury by accident in 1982.

**Am Jur 2d, Workmen's Compensation § 551.**

APPEAL by employee/plaintiff from an Opinion and Award by the Full Industrial Commission entered 3 April 1990. Heard in the Court of Appeals 13 December 1990.

*Reid, Lewis, Deese & Nance, by James R. Nance, Jr.,* for *employee/plaintiff-appellant.*

*Schiller & Barringer, by Marvin Schiller,* for *employer/carrier-appellees.*

LEWIS, Judge.

Plaintiff sustained an injury arising out of and in the course of his employment on 2 February 1978. He underwent surgery and improved to the point that he returned to work with some restrictions on 23 March 1982. On 18 August 1982 plaintiff was again injured in the course of his employment.

On 30 April 1986 Deputy Commissioner Henry Burgwyn heard evidence on the issue of whether or not the employee had suffered an injury as a result of an accident. Deputy Commissioner Burgwyn then left the Industrial Commission without the case being decided. The case was rescheduled and reheard before Deputy Commissioner Scott M. Taylor on 15 June 1987 (hereinafter referred to as "the Taylor Opinion"). The parties stipulated that the issues could be decided on the basis of the record and transcripts previously furnished at the 1986 hearing. An Opinion and Award was entered on 25 November 1987, finding that the plaintiff had suffered an injury as a result of accident while in the course of his employment on 18 August 1982. Temporary total payments were ordered through 16 February 1983 and the matter was rescheduled for a determination on the plaintiff's entitlement to compensation for any tem-

porary total disability and permanent partial disability beyond 16 February 1983.

On 23 June 1988 Deputy Commissioner Haigh heard evidence on the issue of compensability beyond 16 February 1983. On 3 February 1989 he rendered his Opinion and Award (hereinafter referred to as "the Haigh Opinion") finding that there was no disability related to the 18 August 1982 accident from and after 16 February 1983. The plaintiff/employee appealed to the Full Commission from the Haigh Opinion and also filed a Rule 701 motion requesting that the Commission hear additional evidence of medical records not previously available. The Full Commission heard the case on 13 March 1990 and on 3 April 1990 affirmed the Haigh Opinion without making any ruling on plaintiff's Rule 701 motion. Plaintiff/employee appeals.

Plaintiff is appealing the finding of Deputy Commissioner Haigh that there was no second injury to plaintiff on 18 August 1982 entitling him to further compensation. He argues that in his findings of fact and conclusions of law, Deputy Commissioner Taylor had already determined that the 18 August 1982 accident was a separate and distinct accident from the 2 February 1978 accident. In his Conclusion of Law number one, Deputy Commissioner Taylor states, "On 18 August 1982, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6) (1987)." Plaintiff contends that the Haigh Opinion is in direct conflict with the Taylor Opinion's findings and conclusions when the former states, "it appears that plaintiff's disability beginning in August 1982 and continuing thereafter is due to the injury by accident which plaintiff sustained in February 1978. . . ." Evidently, Deputy Commissioner Haigh concluded that the 1982 incident was related to a "change of condition of the 1978 accident."

We agree with the plaintiff that the Opinion of the Full Commission adopting the Haigh Opinion without addressing the inherent conflict between the Haigh findings and conclusions and the Taylor findings and conclusions warrants reversal and remand. Defendant argues that there was sufficient evidence to uphold the Full Commission because Deputy Commissioner Haigh reviewed testimony from an expert witness, Dr. Wilkins, who related the 1982 problems back to plaintiff's 1978 injury. Deputy Commissioner Taylor did not hear this evidence when he issued his Opinion and

Award. The Commission may not find on the one hand that plaintiff is entitled to an award and compensation for the 18 August 1982 accident as a separate and compensable injury through February 1983, and then determine that it is not a separate and compensable injury. Deputy Commissioner Taylor was aware of the 1978 injury when he issued his Opinion and Award. Plaintiff's August 1982 injury either is or is not a separate and distinct injury from the 1978 accident for the purpose of determining compensability for all dates in question. The Full Commission should have addressed this issue in its decision. Apparently the Taylor award was not reviewed by the Full Commission when it was decided.

Where, as in this case, the Full Commission fails to address an inconsistency between two Opinions, the facts of the record are, "[i]nsufficient to enable the Court to determine the rights of the parties . . . (and) the proceeding must be remanded to the end that the Commission make proper findings." *Pardue v. Blackburn Bros. Oil & Tire Co.*, 260 N.C. 413, 416, 132 S.E.2d 747, 749 (1963). Now, on remand, the Commission must consider if the Haigh determination overrules the Taylor findings, and if it does, how this can be justified or reviewed by the Full Commission so long after the fact. We reverse and remand this case to the Full Commission for clarification on the issue of whether the plaintiff sustained a separate, compensable injury by accident in 1982 and if so, a determination of the amount of compensation, if any, he is to receive for any disability he may prove after 16 February 1983.

Finally, plaintiff argues that the Commission erred when it failed to rule upon his Rule 701 motion for consideration of new evidence. We respectfully urge the Full Commission to rule upon this motion before rendering its opinion upon remand.

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.