***********
The Full Commission reviewed the Amended Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioner's award of benefits and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties prior to the hearing in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the N.C. Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and named employer.
3. The carrier liable on the risk is correctly named above.
4. The employee's average weekly wage is $615.37, with a compensation rate of $410.25.
5. The employee sustained an injury on or about May 16, 2003.
 ***********
Based upon all the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 61 years old. Plaintiff has a college education.
2. Plaintiff became employed at Texas Steakhouse and Saloon in New Bern, North Carolina, on March 30, 2003. Plaintiff's job title was a manager/trainee. He worked 50 to 55 hours a week.
3. Plaintiff was involved in on-the-job training to be a store manager. The duties included hosting, bartender, waiting tables, busing tables, grill cook, salad maker, dishwasher, and "expo," which ensured orders were properly prepared prior to delivery to the customer. Plaintiff performed these job duties in a restaurant/kitchen environment.
4. On Friday, May 16, 2003, plaintiff was working in the kitchen in the expo position. Friday was normally a busy day at the restaurant. It was also a military payday weekend, which meant more customers at the restaurant.
5. Plaintiff went to the cooler to retrieve products for the kitchen. The cooler is near the fry machines, which sometimes make the floor slippery. Plaintiff opened the cooler door and had to stoop over to pick up some items. While returning to a standing position, plaintiff felt an immediate sharp pain. At the time he felt the sharp pain, plaintiff was performing his usual duties in his usual manner.
6. Plaintiff continued to work through the day. He did not fill out an accident report on that date, as he did not believe his injury to be serious.
7. Multiple descriptions of the plaintiff's injury differ only slightly, at least until plaintiff took the witness stand. On May 23, 2003, plaintiff told Dr. William Wheatley that he had a "deep squat with associated twist and immediate onset of pain." Plaintiff also saw Dr. Daniel Paul of Eastern Carolina Internal Medicine on May 23, 2003, and reported that he was bending over at work and had a sudden sharp stabbing pain in his right knee. On May 27, 2003, plaintiff completed an employee certification that indicated that he "stooped down to get an item from the refrigerator line. As [he] arose [he] felt something in [his] right knee." On a June 11, 2003, Craven Regional Medical Center information sheet, plaintiff indicated that he "was stooped down at work, when [he] started to get up, [he] felt a sharp pain in right knee." The same mechanism of injury was given on a Craven Regional Medical Center history and physical sheet dated June 24, 2003. Nowhere in any of the plaintiff's medical records is there a mention of a slip that precipitated the knee pain. Because none of these contemporaneous records mentioned a slip, trip, or fall, the Full Commission does not give credence to plaintiff's testimony that "my foot slid a little bit, the knee twisted, and I felt a sharp, sharp pain." In addition, plaintiff was wearing shoes with a nonslip tread on a floor covered with a nonslip mat. The Full Commission gives greater weight to the testimony of Jody Lynn Bryant that the floor was not slippery on the date and time in question.
8. Plaintiff went to his private doctor, Dr. Paul with East Carolina Internal Medicine on May 23, 2003. The visit was prompted due to the continuing pain felt by plaintiff.
9. Dr. Paul referred plaintiff to Dr. Wheatley, an orthopaedic specialist, in Greenville, North Carolina.
10. Dr. Wheatley also saw plaintiff on May 23, 2003. Dr. Wheatley issued an out-of-work note to plaintiff.
11. Plaintiff reported his injury to Jody Bryant, senior general manager for the Texas Steakhouse and Saloon restaurant, and Ms. Bryant reported the injury to her district manager.
12. Ms. Cathy Burgess, with RSK Co., took plaintiff's recorded statement.
13. A Form 61 denying the claim was filed on July 3, 2003.
14. Plaintiff was written out of work by Dr. Wheatley on May 23, 2003, until June 3, 2003. Plaintiff returned to Dr. Wheatley on June 3, 2003, and Dr. Wheatley recommended that an MRI be performed on plaintiff's right knee.
15. Plaintiff returned to Dr. Wheatley on June 17, 2003. The MRI revealed a degenerative signal in the medial meniscus. Dr. Wheatley testified at his deposition that after reviewing the MRI he believed that plaintiff had a horizontal cleavage tear of the meniscus.
16. Plaintiff opted for surgery, which was scheduled for June 30, 2003. Dr. Wheatley performed arthroscopic surgery on plaintiff's right knee. Dr. Wheatley testified, and the Full Commission finds as fact, that plaintiff had a complex tear of the posterior horn of the meniscus, and also had a horizontal cleavage and a parrot-beak, or a short buckle handle tear, on the posterior horn of the meniscus.
17. After surgery, plaintiff underwent a course of physical therapy to work on his range of motion and the return of quadriceps strength.
18. Plaintiff returned to work on a graduated schedule for Texas Steakhouse and Saloon on or about August 11, 2003. After his return to work, plaintiff was designated as a manger of the restaurant and his salary increased.
19. Plaintiff returned to Dr. Wheatley on October 7, 2003, with complaints of continued pain due to prolonged standing. Dr. Wheatley declared plaintiff at maximum medical improvement and issued a 10% permanent partial disability rating to his right leg. Dr. Wheatley recommended that plaintiff work in a position that did not involve prolonged standing.
20. Plaintiff made a final visit to Dr. Wheatley on November 14, 2003, again, stating that prolonged standing worsened his pain. Dr. Wheatley reaffirmed his opinion that plaintiff would benefit from a job that did not require continual standing.
21. Plaintiff resigned from his position with Texas Steakhouse and Saloon in November 2003. This decision was prompted by the advice of Dr. Wheatley, who recommended that plaintiff find a position that did not require continual standing.
22. Plaintiff testified at the hearing before the Deputy Commissioner that he has been searching for work. Plaintiff returned to work for US Airways on June 27, 2004, working 25 hours a week as a Customer Service Representative.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission reaches the following additional:
 CONCLUSIONS OF LAW
1. Plaintiff is not entitled to worker's compensation benefits because he did not suffer an injury by accident as described by the Act. To be entitled to benefits, plaintiff must prove that he sustained an injury by accident arising out of and in the course and scope of the employment. N.C. Gen. Stat. § 97-2(6). Without an injury by accident, the analysis of the claim does not get to the questions of "arising out of" or "in the course and scope of" employment.
2. The evidence of record in this matter shows that plaintiff was doing his usual job in the usual manner, and that there was no interruption of the work routine or the introduction thereby of unusual conditions likely to result in unexpected consequences. See Harding v. Thomas Howard Co.,256 N.C. 427, 124 S.E.2d 109 (1962); and Pardue v. Blackburn Bros. Oil Tire Co., 260 N.C. 413, 132 S.E.2d 747 (1963).
3. Because plaintiff has not shown by the greater weight of the evidence that he sustained an injury by accident during the course and scope of his employment, this claim must be and is hereby dismissed.
4. Each party shall bear its own costs.
This 22nd day of March 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER