Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission find as fact and conclude as law the following, which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. That on or about November 30, 1993, plaintiff's alleged date of injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. That an employer-employee relationship existed between defendant and plaintiff on said date.
3. That defendant was a duly qualified self-insured employer.
4. That plaintiff's average weekly wage on November 30, 1993 was $211.92.
5. Four pages of medical records titled "Progress Notes" from Kaiser Permanente and labeled Stipulated Exhibit Number One.
* * * * * * * * * *
Based upon all of the competent evidence adduced at the hearing, the Full Commission make the following additional
FINDINGS OF FACT
1. Plaintiff, a 36-year-old female, had been employed by defendant as a "Clerk 4" for nine years. Plaintiff alleges that she sustained an injury by accident arising out of and in the course of her employment on November 30, 1993 while performing her job duties of "case handling."
2. Plaintiff testified that while standing and performing her case handling duties that day she experienced the onset of a sharp pain in her ankle that radiated into her hip.
3. On December 1, 1993, plaintiff informed her supervisor, for the first time, that she had "sprained" her ankle the day before. Plaintiff made no mention of any specific accident alleged to have caused her injury in two "Employee's First Report of Accident" forms signed by plaintiff and dated December 1, 1993.
4. When plaintiff first sought medical treatment on December 1, 1993, plaintiff did not attribute her leg and ankle pain to any twisting or falling movement. Furthermore, the notation "No Specific Trauma" was made on plaintiff's medical records in regard to plaintiff's alleged injury by accident. The diagnosis made at the time was that plaintiff had a popliteal bursitis cyst.
5. Plaintiff made no mention of any specific accident alleged to have caused her injury in a Form 19 (Notice of Accident to Employer) signed by plaintiff and stamped received December 7, 1993.
6. When plaintiff next sought medical treatment on December 9, 1993, the notation "was lifting boxes and fell sideways" is made in regard to plaintiff's alleged injury by accident; however, this is not consistent with plaintiff's prior statements regarding her alleged injury or with her testimony at the hearing that she twisted her foot.
7. Plaintiff's testimony, which would establish that while lifting cases of files on November 30, 1993, plaintiff turned and/or twisted her foot or ankle is not accepted as credible in light of plaintiff's demeanor during her testimony and her prior contradictory statements.
8. On November 30, 1993, plaintiff was engaged in her normal work duties when she felt the onset of pain in her ankle which radiated into her hip. She was carrying out her regular job duties in the normal way. The only unusual event occurring on this occasion was the pain plaintiff experienced in her ankle and leg. There was nothing unusual or out of the ordinary in the way plaintiff was performing her job duties, nor was there an interruption of her normal work routine.
* * * * * * * * *
Based upon the foregoing findings of fact the Full Commission make the following additional
CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act it must be the result of an "accident." N.C.G.S. § 97-2 (6).
2. "Accident" must involve more than merely carrying on the usual and customary duties in the usual way but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.Harding v. Thomas and Howard Co., 256 N.C. 427 (1963).
3. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant employer on November 30, 1993, in that she did not sustain a leg or foot injury as the result of an accident. N.C.G.S. § 97-2 (6).
4. Plaintiff is, therefore, not entitled to benefits under the Workers' Compensation Act. N.C.G.S. § 97-2 et seq.
* * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enter the following
ORDER
1. Plaintiff's claim must under the law be and is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________________ J. RANDOLPH WARD COMMISSIONER
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
BSB:md