The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. As of June 25, 1994, plaintiff had been employed by defendant hospital for fourteen (14) years in the housekeeping department. Her job was to clean patients' rooms and her duties included straightening the rooms, dusting, cleaning the bathrooms, mopping or vacuuming the floor and emptying trash. For the rooms of discharged patients, she would also remove the dirty linen.
2. Plaintiff has alleged that on Saturday, June 25, 1994, she lifted a laundry bag weighing twice as much as normal to the opening of the laundry chute and that, as she was doing this, a bundle of laundry from a higher floor unexpectedly descended the chute causing a vacuum effect so that the bag she was lifting pulled against her right shoulder causing her to injure her shoulder. However, when she gave a recorded statement several weeks later, she stated that she lifted laundry weighing that much "all the time", that nothing out of the ordinary occurred and that she picked up the bag in the same manner that she usually did. The first time she brought up factors which would be unusual was apparently after liability had been denied for the injury.
3. On June 25, 1994, plaintiff injured her right shoulder at work. She carried and pulled a heavy bag of linen from a patient's room to the utility room and experienced some pain in her right shoulder. When she then lifted the bag to the chute opening, she felt a sharp pain in her shoulder. However, the bag did not weigh more than usual and nothing out of the ordinary happened to cause her to jerk her shoulder. She was performing her regular job duties and there was nothing unusual or out of the ordinary in the manner she took this bag of linen to the laundry chute on this occasion. Nor was there an interruption of her regular work routine.
4. Although plaintiff sustained an injury arising out of and in the course of her employment on June 25, 1994, her injury was not the result of an accident.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an "accident." N.C. Gen. Stat. § 97-2(6).
2. An "accident" must involve more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v. Thomas Howard Co., 256 N.C. 427,245 S.E.2d 109 (1962).
3. On June 25, 1994, plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6); Anderson v. MotorCo., 233 N.C. 372, 64 S.E.2d 265 (1951).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
LKM/bjp