Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement were received into evidence.
2. All parties are subject to and bound by the North Carolina Workers Compensation Act.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. An employer-employee relationship existed between defendant-employer and plaintiff-employee.
5. Plaintiff alleges to have sustained a compensable injury on 14 July 1998.
6. Plaintiff was paid for the entire day of the alleged incident.
7. Plaintiff received a ten percent impairment to his left leg.
8. A Form 22 Statement of Days Worked and Earnings of Injured Employee marked as stipulated exhibit 1 was received into evidence.
9. Medical records identified in the Pre-Trial Agreement were marked as stipulated exhibit 2 and received into evidence.
***********
 COURTS EXHIBITS
1. A recorded interview with plaintiff was marked as Courts exhibit 1 and was received into evidence.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer as a lead technician. Plaintiffs regular job duties included changing the oil in sewing machines. To perform this task plaintiff was required to squat down on his right knee. On 14 July 1998, plaintiff twisted his left knee when he stood up from the squatting position. The force of the twist tore the meniscal fibers in his left knee.
2. The meniscal fibers are built in such a way that they resemble a turn on a race track. A twisting on top of the thigh bone produces a shearing mechanism or force that causes the fibers to tear.
3. Plaintiff changed the oil every three months at the machine where he was injured.
4. On 14 July 1998, plaintiff placed his left and right knees in the same positions as he had done on previous occasions when changing the oil in the sewing machine. Plaintiff used the same motion to stand up from his squatting position as he had done on previous occasions.
5. On 14 July 1998, plaintiff was performing his duties in his usual and customary manner when he sustained torn meniscal fibers in his left knee. There was no interruption of his normal work routine likely to result in unexpected consequences.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Act, it must be the result of an "accident. An accident must involve more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. G.S. 97-2(6); Harding v. Thomas Howard Co., 256 N.C. 427,245 S.E.2d 109 (1962).
2. On 14 July 1998, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. 97-2(6); Anderson v. Motor Co., 233 N.C. 372,64 S.E.2d 265 (1951).
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation under the Act is DENIED.
2. Defendant shall pay an expert witness fee in the amount of $350.00 to Dr. Bennett.
3. Each side shall pay its own costs.
S/________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER