* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Target Corporation was a self-insured employer with Sedgwick as the servicing agent.
4. The date of the alleged injury was January 2, 2004.
In addition, the parties stipulated into evidence the following:
1. Packet of disability statements.
2. Packet of Industrial Commission forms.
3. Three pages of medical records by Dr. Richie, which were submitted after the hearing.
4. Nine pages of medical records from Forsyth Medical Center, which were submitted after the hearing.
 * * * * * * * * * * *
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is fifty-four years old and a high school graduate. She has also had additional training in cosmetology and clerical work. In August 2001 she began working on the night-shift flow team at the Target store in High Point. Trucks made deliveries to the store at night. The duties of the flow team involved taking the merchandise delivered to the store out onto the floor and placing it at the appropriate places on the shelves. The merchandise was packed in boxes on wooden flats. The employees were assigned to a specific area of the store. They would take the flat for that section to the assigned department, lift each box, carry it down the aisle to the correct location, open it and then place the items inside the box onto the shelves. However, employees working in soft lines worked with clothing and did not have boxes of items. If any employee finished the assigned section early, he or she would help other team members complete their sections.
2. On January 2, 2004 plaintiff was assigned to work in the health and beauty aids section. This section included baby products, hair products, deodorants, soap and mouth wash. While working with baby products she lifted a box of baby formula and began to turn. She then noticed some pain in her left foot. The pain was not significant at that time and she continued working. However, during her shift the pain gradually increased, and her foot began to swell. By the time she left work the next morning, she was limping.
3. Plaintiff then went to home and slept for a while. When she woke up, her foot was so painful that she could not put any weight on it. Her son took her to the emergency room, where the foot was x-rayed. The radiologist found moderate degenerative joint disease and noted that plaintiff was flat-footed. She was advised to take ibuprofen, to apply ice to the area and to follow-up with Dr. Ritchie, an orthopedic surgeon.
4. When Dr. Richie examined plaintiff on January 20, 2004, she reported persistent pain and stiffness in her left foot and ankle. On examination she had tenderness over the lateral ankle ligaments and over the talar dome. His impression was that she had a left ankle strain, although it was possible that she had an osteochondral defect at the talus. He placed her in a three-D walker, recommended therapy and advised her to do only sit-down work. There was no sit-down work available, however, at Target. When plaintiff subsequently returned to him on February 3, he ordered x-rays, which showed no significant evidence of a talus defect and he found no other abnormalities on the films. Consequently, he continued treating her for an ankle sprain.
5. Dr. Richie last saw plaintiff on February 24, 2004 and her condition at that time was significantly improved. The doctor recommended that she use a brace and continue doing strengthening exercises, but he released her to return to regular work duties at that time. He also released her from medical care. Plaintiff then returned to work. Her supervisor assigned her to work in soft lines, which did not require the heavier lifting often involved in the other sections.
6. Due to her foot problem, plaintiff lost wages not only from her employment with Target but also from her second job with Big Lots since she had to be on her feet while working there, as well.
7. Prior to January 2, 2004, plaintiff had worked in the health and beauty aids section on a regular basis, although she worked more often in the soft lines section. There was nothing unusual about the boxes she lifted on January 2, 2004 and she did not remember moving differently than normal when the pain started. It was customary to work at a rapid pace while performing the job. Although she knew that the left foot pain developed while she was working, she could not describe anything unusual or out of the ordinary in the way she was performing her job at that time. Consequently, the evidence did not reveal an interruption of her regular work routine.
8. Although plaintiff sustained a left foot injury in the course of her employment on January 2, 2004, the injury was not the result of an accident.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the undersigned concludes as follows:
 CONCLUSIONS OF LAW
1. Except for back injuries and hernias, in order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an "accident". N.C. Gen. Stat. § 97-2 (6).
2. An "accident" must involve more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v.Thomas and Howard Company, 256 N.C. 427 (1963).
3. On January 2, 2004 plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
4. Plaintiff is not entitled to benefits under the Workers' Compensation Act for her left foot injury. N.C. Gen. Stat. § 97-2 etseq.
 * * * * * * * * * * *
Based upon the foregoing Findings of Facts and Conclusions of Law, the undersigned enters the following:
 AWARD
1. This claim must, under the law, be and it is hereby DENIED.
2. Each side shall pay its own costs.
This the 1st day of December 2006.
S/________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/________________________ LAURA K. MAVRETIC COMMISSIONER
 S/________________________ CHRISTOPHER SCOTT COMMISSIONER