I respectfully dissent from the majority's decision to reverse the Deputy Commissioner's Opinion and Award. I agree with the Deputy Commissioner that plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer.
The Full Commission is the ultimate judge of the credibility of the witnesses and the weight to be given to their testimony. Adams v. AVXCorp., 349 N.C. 676, 509 S.E.2d 411 (1998). I believe, however, that the Full Commission should be reluctant to reverse the credibility determination of a Deputy Commissioner, particularly someone who has served as a Deputy Commissioner as long as Deputy Commissioner Holmes. Deputy Commissioner Holmes heard plaintiff's testimony, as well as that of defense witnesses, and he found plaintiff to be credible.
At the hearing, plaintiff described the incident as follows:
 When I walked into the room . . . the privacy curtain was partially pulled. There was a patient standing beside the wall unit where we keep our . . . clean dressings, extra stuff. . . . And when I walked into the room, I noticed a lot of people were on the right-hand side. So I turned to my left. And when I turned to my left, there was someone standing behind the curtain and it kind of startled me. And I went back to my left, and my ankle twisted. And when it twisted, I grabbed the wall unit to keep me from falling, and the person behind me helped grab me from falling to hitting the floor. *Page 12 
The majority opinion places great significance on the fact that the patient's room does not have a privacy curtain and that plaintiff's description of the room was not accurate. However, the fact that plaintiff was mistaken about some of the particular details does not mean that she was untruthful about the incident itself. Plaintiff went to defendant's emergency room the next day and said that she twisted her ankle in one of the patient's rooms. She was consistent in the description of the incident she gave to Drs. Dement, Mangone, and Fitzgerald. I believe that the incident plaintiff described was an unlooked for and untoward event which was not expected and therefore constituted a compensable injury by accident. Harding v. Thomas andHoward, 256 N.C. 427, 124 S.E.2d 109 (1962).
As to the notice requirement, plaintiff gave a reasonable explanation for her delay in reporting the incident. When she reported to the emergency room, she was told by the medical staff there that her problem was due to the screw from the prior surgery and that "there was no use of filing a report." Plaintiff also testified that Dr. Dement led her to believe that her problems were related to the prior injury and surgery. Plaintiff testified that she did not understand that she could report this incident as a workers' compensation claim until she discussed the injury with Dr. Mangone. Defendant presented no evidence of any prejudice due to plaintiff's delay in reporting the incident. N.C. Gen. Stat. §97-22.
Therefore, I would affirm the Deputy Commissioner's award of disability compensation to plaintiff. However, plaintiff is a young woman with a bachelor's degree in nursing and she certainly should retain some wage earning capacity, particularly as a nurse in a more sedentary environment than a hospital. Defendant should provide vocational rehabilitation assistance and an FCE so that plaintiff can move forward to other employment opportunities.
For the foregoing reasons, I must respectfully dissent from the majority in this case. *Page 13 
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER