JOHN M. ROBINSON, Employee, Plaintiff,
v.
SETO'S TEXACO, INC., Employer, Defendant,
ATTENA INSURANCE CO., Carrier, Defendant.
No. COA08-57
Court of Appeals of North Carolina
Filed November 18, 2008
This case not for publication
Brumbaugh, Mu, and King, P.A., by Nicole D. Wray, for plaintiff-appellant.
Lewis and Roberts, PLLC, by Jeffrey A. Misenheimer and Sarah C. Blair, for defendant-appellees.
BRYANT, Judge.
Plaintiff John Robinson appeals from an Opinion and Award entered by the North Carolina Industrial Commission (Commission) which denied plaintiff workers' compensation benefits for a purported compensable injury. For the reasons stated below, we affirm the Commission's Opinion and Award.

Standard of Review
The sole issue on appeal is whether the Commission erred in finding and concluding that plaintiff did not sustain a compensable injury by accident on 6 December 2004 while employed by Seto's Texaco, Inc. Our review of decisions by the Commission is limited to determining whether findings of fact are supported by competent evidence and whether conclusions of law are based on those findings. Deese v. Champion Int'l Corp., 352 N.C. 109, 530 S.E.2d 549 (2000). The Commission's findings of fact are conclusive on appeal, despite contrary evidence, when there is any competent evidence to support them. See Young v. Hickory Bus. Furn., 353 N.C. 227, 538 S.E.2d 912 (2000). Though we view the evidence in a light most favorable to the plaintiff, our review "goes no further than to determine whether the record contains any evidence tending to support the [Commission's] finding[s]." Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). Conclusions of law, however, are reviewed de novo. McRae v. Toastmaster, Inc., 358 N.C. 488, 597 S.E.2d 695 (2004).

Analysis
Plaintiff, an auto mechanic, alleged that on 6 December 2004, he was at Seto's Texaco working on a Ford F-15 by himself. He was using a transmission jack to lift a transmission when the transmission began to slip. Plaintiff testified that he grabbed the transmission with his left side while he yelled for help. But, the transmission "jerked [plaintiff] down real bad" before plaintiff's stepson, Michael La Velle, and co-worker, Richard Koch, came running. Plaintiff maintains that he then walked to the front office and reported the incident to his employer, Dana Seto, then later to co-owner Carl Seto, Jr., before going to Dr. James Owens to have his left shoulder examined.
These allegations present a prima facie claim that plaintiff suffered an accident, which is defined as: "(1) an unlooked for and untoward event which is not expected or designed by the injured employee . . . ." Harding v. Thomas & Howard Co., 256 N.C. 427, 428, 124 S.E.2d 109, 110-11 (1962). However, the Commission made the following uncontested findings:
4. Plaintiff also testified that he had experienced no prior problems with his left shoulder until his alleged work injury on December 6, 2004.
5. Contrary to plaintiff's testimony, Mr. Richard Koch testified at the hearing before the Deputy Commissioner that plaintiff never told him he hurt his left shoulder while working for defendant-employer.
. . .
7. Neither Mr. Seto nor his mother, Dana Seto testified that they had knowledge of plaintiff sustaining an injury in December 2004. It was not until plaintiff filed a Form 18, Notice of Accident to Employer, in late 2005 that they learned of an alleged injury.
8. Dr. Owens examined plaintiff on December 6, 2004 for left shoulder pain. His brief note did not mention an injury or trauma. Dr. Owens . . . referred plaintiff to Dr. Chase, an orthopaedic surgeon . . . .
. . .
9. Plaintiff told Dr. Chase that he had been having pain for the previous month, that he had left shoulder problems on and off for two years, that he had not had a specific injury but that he had noticed pain after lifting a heavy object over his head.
(emphasis added). After a review of the record evidence, we hold these findings are supported by competent evidence and are thus binding on appeal. See Young, 353 N.C. at 230, 538 S.E.2d at 914. As a consequence, the Commission was justified in finding that "Plaintiff's testimony . . . regarding the history of the alleged injury is not accepted as credible."
In addition to finding plaintiff's claims concerning the history of the accident not credible, the Commission made the following uncontested finding:
11. On March 4, 2005, Dr. Chase performed an arthroscopic procedure in which he confirmed that there was no rotator cuff tear but that plaintiff had extensive arthritic changes where the cartilage was essentially worn out . . . .
Dr. Chase testified in his deposition to observations he made of plaintiff's left shoulder during surgery. Plaintiff had "diffuse fraying throughout  on the labrum and . . . extensive arthritic changes to the shoulder." On the humeral head as well as the glenoid, plaintiff had worn out cartilage to the bone. "He had diffuse synovitis going along with the arthritis . . . [b]ut he did not have a tear."
As a result, assuming arguendo the accident occurred as plaintiff described, the record evidence shows that plaintiff was not treated for any internal tears but rather "extensive arthritic changes where the cartilage was essentially worn out . . . ." Furthermore, the Commission made findings to demonstrate that plaintiff was treated for an arthritic condition arising before the alleged incident. Based on its findings of fact, the Commission concluded that plaintiff failed to satisfy his burden of showing he suffered an injury by accident arising in the course of his employment. Because the Commission's conclusion rests on findings supported by competent evidence, we affirm its Opinion and Award denying plaintiff's claim. Accordingly, plaintiff's assignment of error is overruled.
Affirmed.
Judges JACKSON and ARROWOOD concur.
Report per Rule 30(e).