***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Deluca and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Deluca with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as: *Page 2 
 STIPULATIONS
1. The parties are subject to the Workers' Compensation Act and under the jurisdiction of the North Carolina Industrial Commission.
2. The employee/employer relationship existed at all times pertinent hereto.
3. Plaintiff suffered an injury in the course of employment with defendant.
4. Plaintiff suffered a medial meniscus tear to his right knee and associated symptoms, requiring medical treatment including arthroscopic surgery to repair the right knee.
5. For these conditions plaintiff has had reasonable and necessary medical treatment to effectuate a cure, provide relief or lessen the plaintiff's period of disability including injections, surgery and pain medications.
6. Plaintiff's average weekly wage was $622.00, and Plaintiff's weekly compensation rate is $ 414.66.
 *********** ISSUES
1. Did Plaintiff suffer an injury by accident on January 15, 2008?
2. Is Plaintiff due temporary total disability benefits from July 17, 2008 through November 3, 2008?
3. Is Plaintiff entitled to have Defendants pay for medical treatment resulting from the injury of January 15, 2008?
4. Should sanctions be imposed against Defendants?
 *********** *Page 3 
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 61 years of age at the time of the hearing before the Deputy Commissioner. On January 15, 2008, Plaintiff was working for Defendant-Employer as a material handler and forklift driver.
2. Plaintiff's usual job duties involved filling large commercial orders of cleaning solutions and powders. Specifically, his job duties were receiving orders from the office and compiling the orders for shipment. Over the course of a day, Plaintiff could fill anywhere between 4 and 10 orders, depending on the size and nature of the particular order. In addition to these duties, Plaintiff also participated in morning meetings in the office of the warehouse where he was updated on various matters pertaining to the performance of his job. In addition to daily meetings, Plaintiff participated in monthly meetings as well as periodic safety meetings in the office's break room.
3. On January 15, 2008, Plaintiff was participating in a meeting inside the office at the warehouse where he worked. Upon leaving the meeting, he returned to his forklift to begin his regular routine of filling orders.
4. As Plaintiff neared his forklift, he realized that he had left the door to the office open, allowing cold air to enter the office portion of the building. Plaintiff had been admonished for making this mistake in the past and did not want the situation to occur again.
5. As Plaintiff turned to close the door, his weight shifted from his left leg to his right leg. As his knee twisted, he felt a pop in his right knee and immediate pain. There were no unusual conditions, and there was not an interruption of plaintiff's normal work routine. *Page 4 
6. Plaintiff immediately stopped working and reported to the warehouse supervisor, Dennis Winners, that he had twisted and hurt his right knee. Mr. Winners asked Plaintiff if he was hurting and Plaintiff told Mr. Winners that he was in pain. Mr. Winners told Plaintiff to keep him informed.
7. Plaintiff continued working over the next few days, but the pain worsened such that plaintiff was limping and having difficulty standing. Plaintiff informed defendants' safety coordinator of his right knee pain. Defendants sent Plaintiff to PrimeCare, a medical facility in Winston-Salem, for treatment from January 30 through February 21, 2008.
8. Dr. Nicholas J. Passero, Plaintiff's family doctor, referred Plaintiff to Orthopaedic Specialists of the Carolinas in Winston-Salem. On April 8, 2008, Plaintiff was treated by Dr. Alonzo D. Kornegay, an orthopaedic surgeon with Orthopaedic Specialists of the Carolinas, for a tear of the medial meniscus, chondramalacia and loose cartilage in the right knee.
9. From July 17 to November 3, 2008, Dr. Kornegay completely removed Plaintiff from work in order to perform arthroscopic surgery on Plaintiff's right knee on August 11, 2008, and to allow for adequate rehabilitation prior to his return to work on November 4, 2008.
10. During this period, Plaintiff received benefits of $515.00 per week from a fully employer-funded short-term disability program that is provided to Plaintiff at no cost.
11. Plaintiff returned to work for Defendant-Employer on November 4, 2008.
12. Plaintiff testified that he no longer has any significant problems with his knee and is able to perform his pre-injury work without complication or difficulty.
13. Based on a careful review of the evidence of record, the Full Commission finds that Plaintiff has not provided sufficient evidence to show that he sustained an injury by accident arising out of and in the course and scope of his employment with Defendant-Employer. *Page 5 
Plaintiff has not shown that he experienced an interruption of his work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. In fact, the evidence of record shows that Plaintiff was actually performing his regular duties in the usual and customary manner.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. It is well established that more must be shown than an injury while at work to sustain a claim for compensation under the Workers' Compensation Act. Hargis v. Select Foods, Inc.271 N.C.App 639, 156 S.E.2nd 737 (1967).
2. An injury, to be compensable, must result from an accident, which is to be considered as a separate event preceding and causing the injury; the mere fact of injury does not of itself establish the fact of accident. Bigelow v. Tire Sales Company12 N.C.App 220, 182 S.E.2nd 856 (1971).
3. Under the Act, an accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v.Thomas Howard Co., 256 N.C. 427, 124 S.E.2d 109 (1962).
4. Absent an accident, i.e. a fortuitous event, the death or injury of an employee while performing his regular duties in the usual and customary manner is not compensable. O'Mary v. LandClearing Corporation 261 N.C.App 508, 135 S.E.2nd 193 (1964).
5. Based upon a careful review of the evidence of record, and in light of the case law cited herein, the Full Commission concludes that Plaintiff did not sustain an injury by accident *Page 6 
arising out of and in the course and scope of his employment with Defendant-Employer. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for benefits arising from his knee injury is DENIED.
2. Each side shall bear its own costs; however, Defendants shall pay expert witness fees of $375.00 to Dr. Perry and $750.00 to Dr. Kornegay, if not paid by prior order.
This __ day of May 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1